ROBERT S. BROWN, State Bar No. 187845
**ROBERT STANFORD BROWN, APC**
3701 Wilshire Boulevard, Suite 1135
Los Angeles, California 90010
Telephone: (213) 745-8641
Facsimile: (213) 261-3906
rstanfordbrown@gmail.com

Attorney for Plaintiff JAMES ROZELL

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES ROZELL,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>CITY OF CULVER CITY, a public entity, OFFICER KYWAN OWENS, OFFICER KIERAN ROCK, and DOES 1 through 10, Inclusive,<br><br>　　　　　　Defendants. | CASE NO.:<br><br>**COMPLAINT FOR DAMAGES:**<br><br>1. Violation of 4th Amendment—Excessive Force (42 U.S.C. §1983);<br>2. Violation of 4th Amendment—False Arrest (42 U.S.C. §1983);<br>3. Municipal Liability (42 U.S.C. §1983-Unconstitutional Custom or Policy<br>4. Municipal Liability (42 U.S.C. §1983-Ratification<br>5. Municipal Liability (42 U.S.C. §1983-Failure to Train<br><br>**(DEMAND FOR JURY TRIAL)** |

# I.

# COMPLAINT

Plaintiff James Rozell ("Plaintiff") brings this lawsuit pursuant to 42 U.S.C. §1983 to vindicate his rights to be free from unreasonable and unlawful seizures (false arrest and excessive force) by the Culver City Police Department (CCPD) officers and/or supervisors acting under color of law.

## INTRODUCTION

1.  The Fourth and Fourteenth Amendments to the United States Constitution protects the rights of arrestees against the use of excessive force and false arrest.

2.  In this case, Culver City Police Department officers tasked with preserving those rights instead used an unconstitutional arrest, excessive force and, ultimately, fabricated charges against Plaintiff which caused him to be involuntarily confined per a WIC §5150 hold.

3.  In short, this case is about vindicating Plaintiff's constitutional rights.

## VENUE AND JURISDICTION

4.  This action is brought under 42 U.S.C. §§1983, and the Fourth and Fourteenth Amendments of the United States Constitution.  Jurisdiction is founded on 29 U.S.C. §§1331 and 1343(a)(1), (2), (3) and (4).  State claims are brought under pendant jurisdiction.

5.  Venue is proper in the Central District of California.  The facts and circumstances underlying all claims, as well as the injuries, took place within the geographic jurisdiction of this Court.

/ / /
/ / /
/ / /
/ / /
/ / /

## II.

## PARTIES

6. At all relevant times, Plaintiff JAMES ROZELL ("Plaintiff") was a resident of Los Angeles County in California.

7. Plaintiff is informed, believes and alleges that, at all relevant times, Defendant CITY OF CULVER CITY ("the CITY"), is a chartered subdivision of the State of California with the capacity to sue and be sued. Defendant CITY OF CULVER CITY is responsible for the actions, omissions, policies, procedures, practices and customs of its various agents and agencies, including the CULVER CITY POLICE DEPARTMENT ("CCPD"), and its agents and employees. At all times relevant to the facts alleged, Defendant CITY OF CULVER CITY was responsible for assuring that the actions, omissions, policies, procedures, and customs of the CCPD and its employees and agents complied with the laws of the Constitution of the United States and the State of California.

8. Defendant CCPD Officers KYWAN OWENS and KIERAN ROCK and Does 1 through 10 were, at all relevant times, officers, supervisors and employees of Defendant CITY OF CULVER CITY and the CCPD. At all relevant times, they were acting under color of law within the course and scope of their respective duties as officers or supervisors of the CCPD and with complete authority and ratification of Defendant CITY OF CULVER CITY. Each individual Defendant is responsible for some part of the conduct of the illegal misconduct alleged.

9. Plaintiff is informed, believes and alleges that, Defendants sued as Does 1 through 10, inclusive, were and are officers, supervisors, agents or employees of Defendant CITY OF CULVER CITY and CCPD and were, at all relevant times, acting in the course and scope of their employment and agency. Plaintiff alleges that each Defendant named as a "DOE" was in some manner responsible for the acts and omissions alleged. At this time, Plaintiff is ignorant of the true names and capacities of

the DOE Defendants, and upon discovery of the same, he will ask leave of this Court to amend this Complaint to alleges such facts, full names and responsibility when that information is ascertained.

10. Defendants and DOES 1 through 10 were, at all relevant times, CITY OF CULVER CITY and CCPD officers, supervisors, and/or employees. They were charged by law and were responsible for fairly enforcing and upholding the law to protect and serve members of the community; the supervision of officers and other employees under their command in the CCPD; for the supervision, training, discipline and corrective action(s) of persons, officers, supervisors, agents, or employees working under their chain of command within the CITY and CCPD; for creating or promulgating CCPD policies; and, for investigating, monitoring and reporting the misconduct of their subordinates and/or fellow officers.

11. Plaintiff is informed, believes and alleges, that at all relevant times, Defendants DOES 1 through 10, inclusive, are, and at all relevant times, were officers, supervisors, or employees of Defendant CITY OF CULVER CITY and CCPD, and were acting within the course and scope of their employment and/or agency and under color of state law. Each of the Defendants and DOE Defendants caused and is responsible for the unlawful conduct in personally participating in the conduct or acting jointly and in concert with others who did so by authorizing, acquiescing, condoning, acting, omitting or failing to act to prevent the unlawful conduct and by promulgating or failing to promulgate policies and procedures. These actions or omissions resulted in unlawful conduct through the failure—with deliberate indifference to Plaintiff's rights—to initiate and maintain adequate supervision, training, or compliance with responsibilities and duties; failure to maintain proper and adequate policies, procedures and protocols; and by ratifying and condoning the unlawful conduct performed by officers, supervisors, or employees under their direction and control.

12. Plaintiff is informed, believes and alleges, that at all relevant times, Defendants, and each of them, were the agents, servants, joint venturers, partners, or employees, of each other Defendant, and as such, were acting within the course and scope of their agency, employment or joint venture. The respective principals subsequently ratified all acts, conduct or omissions and accepted the benefits of those ratifications.

13. Plaintiff is informed, believes, and alleges, that each of the Defendants designated as a DOE is responsible, in some manner, for the events and happenings referred to, proximately causing the injuries and damages to Plaintiff as alleged.

14. At all times mentioned, Defendant DOES 1 through 10, were acting under color of the laws, statutes, ordinances, regulations, customs, and usages of the United States Constitution, State of California and CITY OF CULVER CITY pursuant to their official authority and their policies, procedures, practices, and/or customs established by directives and/or other acts of the CCPD and Defendant CITY OF CULVER CITY.

## III.

## FACTS COMMON TO ALL CAUSES OF ACTION

15. On April 13, 2021, at about 8:00 a.m., Plaintiff was riding his bike Northbound along Sepulveda Blvd. nearing a Postal Service facility on Sepulveda Blvd when a CCPD patrol car passed him. The car then made a U turn and came up behind him.

16. Suddenly, two uniformed officers jumped out shouting "Suspicious person report riding a bicycle on sidewalk" as if they were broadcasting to a dispatcher. Plaintiff is informed and believes that these 2 officers were CCPD Officers Kywan Owens and Kieran Rock.

17. Plaintiff dismounted from his bike, put down his backpack, put his hands in the air and stood away from the bike as quickly as possible. Plaintiff was then knocked

to the ground onto his face without warning or provocation.  Plaintiff was stunned by this attack.

18.　One officer stood on Plaintiff's back, while pressing one foot onto his head.  Plaintiff screamed in pain and called out for help.   Plaintiff was picked up and placed in a sitting position.  At no time, did Plaintiff physically resist.  Neither officer told Plaintiff why he had been detained or physically attacked.

19.　Shortly thereafter, a fire truck and paramedics arrived.  Plaintiff did not hear what the two officers told them, but he noticed the officers were wearing body cameras. Neither Defendant officer identified themselves nor explained anything to Plaintiff.

20.　An ambulance arrived.  Plaintiff was placed into the ambulance and taken to a local emergency room where he received minimal medical attention.  Defendants OWENS and ROCK, were standing in the doorway, watching Plaintiff.

21.　Plaintiff had visible injuries to his head and hands.  Plaintiff used his cell phone to call his parents and an attorney.  He also photographed his injuries.

22.　Plaintiff was strapped to a gurney and sedated, causing him to lose consciousness.  When Plaintiff regained consciousness, he learned that he was in a facility in Torrance, California.  He also learned that he was there on a Welfare and Institution Code (WIC) §5150 hold.

23.　Plaintiff was held on the §5150 hold until April 20, 2021.  Plaintiff should not have been arrested or confined on a §5150 hold.  Plaintiff was not a danger to himself or anyone else.  No reasonable police officer would have believed anything Plaintiff did or said made him a threat to anyone, including himself.

24.　On 4/20/21, after his release from custody, Plaintiff filed a personnel complaint with CCPD.  However, he received no response from the CCPD.

25.　In October 2021, Plaintiff spoke to a CCPD Watch Commander (a Lieutenant) about his complaint regarding his beating and arrest.  The Watch

Commander was not helpful.  For example, he told Plaintiff was that it was too late to make a complaint and did nothing about Plaintiff's verbal report of the incident.  Plaintiff is informed and believes that the CCPD did not meaningfully investigate his personnel complaint regarding his beating and arrest.

## IV.

## FIRST CLAIM FOR RELIEF

## VIOLATION OF FOURTH AMENDMENT RIGHTS (42 U.S.C. §1983— EXCESSIVE FORCE

[As against Defendants Kywan Owens, Kieran Rock and DOES 1-10]

26.   Plaintiff re-alleges and incorporates each and every allegation set forth in paragraphs 1-25 above and incorporates same by reference as though set forth fully in this Complaint.

27.   This claim is brought under Title 42 U.S.C. § 1983, and on the Fourth and Fourteenth Amendment of the United States Constitution and pursuant to the general laws of the State of California.  Plaintiff alleges each of these Defendants used excessive force against him, deprived him of his constitutional rights and caused him to suffer grievous harm and physical, mental, and emotional injuries.

28.   As set forth above, Plaintiff was subjected to deprivation of rights by Defendants, which rights included, but are not limited to, privileges and immunities secured to Plaintiff by the Constitution and the laws of the United States.  Specifically, these individual Defendants have violated Plaintiff's constitutional right to be free from excessive force; and/or, failed to protect Plaintiff from being attacked physically —all of which are protected under the Fourth Amendment.  Plaintiff is informed and believes that Defendants have also falsified and fabricated reports regarding their use of excessive force against Plaintiff.

29.   As a direct and proximate result of the actions of these Defendants, Plaintiff suffered the violation of his constitutional rights.  As a result of the actions or omissions

of these individual Defendants, Plaintiff suffered physical, mental and emotional injuries, which are ongoing.

30. Defendants acted recklessly, with deliberate indifference to Plaintiff's constitutional rights and should have punitive damages assessed against them. The acts of these Defendants were willful, wanton, malicious and oppressive justifying the award of exemplary and punitive damages.

31. By virtue of the provisions of 42 U.S.C. § 1988, Plaintiff is entitled to an award of reasonable attorney's fees and costs, according to proof.

V.

**SECOND CLAIM FOR RELIEF**

**VIOLATION OF FOURTH AMENDMENT RIGHTS (42 U.S.C. §1983)—FALSE ARREST**

**[As against Defendants Kywan Owens, Kieran Rock and DOES 1-10]**

32. Plaintiff re-alleges and incorporates all of the allegations contained in paragraphs 1-31.

33. This action is brought pursuant to 42 U.S.C. §1983, and the Fourth and Fourteenth Amendments of the United States Constitution.

34. At all relevant times, Plaintiff possessed the right, guaranteed by the Fourth Amendment of the United States Constitution to be free from unreasonable and unlawful seizures by police officers or supervisors acting under color of law. As described in Section III above, Defendants violated Plaintiff's' Fourth Amendment rights by unlawfully arresting him without probable cause and causing him to be placed on a WIC §5150 hold without any reasonable belief that he was a danger to himself or others.

35. Plaintiff is informed and believes that in support of Plaintiff's unlawful arrest and involuntary confinement per §5150 hold, Defendants falsified and fabricated incident reports, arrest reports and other CCPD law enforcement reports.

36. In doing so, these Defendants acted specifically with the intent to deprive

Plaintiff of his constitutional rights under the Fourth Amendment to be free from unreasonable and unlawful seizures.

37. These Defendants subjected Plaintiff to the stated deprivations by actual malice, deliberate indifference or a reckless disregard of his rights under the United States Constitution.

38. As a direct and proximate result of the actions of these Defendants, Plaintiff suffered the violation of his constitutional rights. As a result of the actions or omissions of these Defendants, Plaintiff suffered physical, mental and emotional injuries, which are ongoing.

39. Defendants acted recklessly, with deliberate indifference to Plaintiff's constitutional rights and should have punitive damages assessed against them. The acts of these Defendants were willful, wanton, malicious and oppressive justifying the award of exemplary and punitive damages.

40. By virtue of the provisions of 42 U.S.C. § 1988, Plaintiff is entitled to an award of reasonable attorney's fees and costs, according to proof.

## VI.
## THIRD CLAIM FOR RELIEF
## MUNICIPAL LIABILITY-UNCONSTITUTIONAL CUSTOM OR POLICY
### (42 U.S.C. § 1983)
### (As Against Defendants City of Culver City and DOES 1-10)

41. Plaintiff re-alleges and incorporates by reference each and every allegation contained in paragraphs 1 through 40.

42. On and before April 13, 2021, Defendants CITY OF CULVER CITY and DOE SUPERVISORS 1-10 deprived Plaintiff of the rights and liberties secured to him by the Fourth and Fourteenth Amendments to the United States Constitution, in that said Defendants and their supervising, and managerial employees, agents, and representatives, acting with gross negligence and with reckless and deliberate

indifference to the rights and liberties of the public in general, of Plaintiff, and of persons in his class, situation and comparable position in particular, knowingly maintained, enforced and applied an official policy or practice or custom recognized by the CITY OF CULVER CITY and the CULVER CITY POLICE DEPARTMENT.

43. Individual Defendants and DOES 1-10 acted under color of law.

44. Individual Defendants and DOES 1-10 acted pursuant to an expressly adopted official policy or a longstanding practice or custom of Defendant CITY OF CULVER CITY.

45. On information or belief, individual Defendants and DOES 1-10 were not disciplined, reprimanded, retrained, suspended or otherwise penalized in connection with the violation of Plaintiff's constitutional rights.

46. Defendants CITY OF CULVER CITY and DOE SUPERVISORS 1-10 together with other CITY OF CULVER CITY policymakers and supervisors maintained the following unconstitutional customs, practices, and policies:

    a. Using or allowing the use of excessive force;

    b. Providing inadequate training regarding the use of physical force;

    c. Unreasonably and wrongfully detaining or arresting citizens or allowing the same;

    d. Employing and retaining as deputies and other personnel, including individual Defendants and DOES 1-10, who Defendants CITY OF CULVER CITY and DOE SUPERVISORS 1-10, at all relevant times, knew or reasonably should have known had dangerous propensities for abusing their authority and for mistreating citizens/members of the community by failing to follow written CCPD policies regarding the use of force and for lawfully arresting members of the community;

    e. Inadequately supervising, training, controlling, assigning and disciplining CCPD officers and other personnel, including individual Defendants and DOES 1-10, who Defendants CITY OF CULVER CITY and DOE SUPERVISORS 1-10

each knew, or in the exercise of reasonable care, should have known had dangerous propensities and character traits.

  f. Maintaining grossly inadequate procedures for reporting, supervising, investigating, reviewing, disciplining and controlling the intentional misconduct by individual Defendants and DOES 1-10.

  g. Failing to adequately discipline individual Defendants and DOES 1-10, for the above-referenced categories of misconduct, including "slap on the wrist" discipline that is so slight as to be out of proportion to the magnitude of the misconduct, and other inadequate discipline that is tantamount to encouraging misconduct;

  h. Announcing that unjustified shootings are "within policy" including shootings that were later determined in court to be unconstitutional;

  i. Encouraging, accommodating, or facilitating a "code of silence" in which officers do not report other officers' errors, misconduct or crimes.  Pursuant to this code of silence, if questioned about an incident of misconduct involving another officer, while following the code, the officer questioned will claim ignorance of the other officer's wrongdoing;

  j. Maintaining a policy of inaction and an attitude of indifference towards soaring numbers of incidents of excessive force or false arrest, including by failing to discipline, retrain, investigate, terminate, and recommend deputies for criminal prosecution who participate in using excessive force or falsely arresting members of the community;

  k. Refusing to discipline, terminate or retrain the officers in using force or making legal arrests, even where incidents of excessive force or false arrests were determined to be unconstitutional;

  l. Having and maintaining an unconstitutional custom and practice of using excessive force, making false arrests and covering up police misconduct.  These customs and practices by CITY OF CULVER CITY and DOE SUPERVISORS 1-10 were

condoned by Defendants in deliberate indifference to the safety and rights of its civilians, including Plaintiff.

47. By reason of the stated policies, customs and practices of Defendants CITY OF CULVER CITY and DOE SUPERVISORS 1-10, Plaintiff experienced physical, mental and emotional pain and suffering, for which he is entitled to recover damages.

48. Defendants CITY OF CULVER CITY and DOE SUPERVISORS 1-10 together with various other officials, whether named or unnamed, had either actual or constructive knowledge of the different policies, practices and customs alleged in the paragraphs above.  Despite having knowledge as stated above, Defendants condoned, tolerated and, through actions and omissions, ratified such policies.  Defendants also acted with deliberate indifference to both the foreseeable effects and consequences of these policies and the constitutional rights of Plaintiff, and other individuals similarly situated.

49. By perpetuating, sanctioning, tolerating, and ratifying the outrageous conduct and other wrongful acts, Defendants CITY OF CULVER CITY and DOE SUPERVISORS 1-10, acted with intentional, reckless, and callous disregard for the well-being of Plaintiff and his constitutional rights.  Defendants CITY OF CULVER CITY and DOE SUPERVISORS 1-10, and each of their actions were willful, wanton, oppressive, malicious, fraudulent, and extremely offensive and unconscionable to any person of normal sensibilities.

50. Furthermore, the policies, practices, and customs implemented, maintained and still tolerated by Defendants CITY OF CULVER CITY and DOE SUPERVISORS 1-10, were affirmatively linked to, and were significantly influential forces behind Plaintiff's injuries.

51. As a direct and proximate result of the actions of these Defendants, Plaintiff suffered the violation of his constitutional rights.  As a result of the actions or omissions

of these Defendants, Plaintiff suffered physical, mental and emotional injuries, which are ongoing.

52. By virtue of the provisions of 42 U.S.C. § 1988, Plaintiff is entitled to an award of reasonable attorney's fees and costs, according to proof.

## VII.

## FOURTH CLAIM FOR RELIEF

## MUNICIPAL LIABILITY-RATIFICATION

### (42 U.S.C. § 1983)

### (As Against Defendants City of Culver City and DOES 1-10)

53. Plaintiff re-alleges and incorporates by reference each and every allegation contained in paragraphs 1 through 52.

54. DOES 1-10 acted under color of state law.

55. The acts of Defendants deprived Plaintiff of his rights under the United States Constitution.

56. Upon and information and belief, the final policymaker, acting under color of law, has a history of ratifying uses of excessive force and false arrests.

57. Upon information and belief, a final policymaker, acting under color of law, who had final policymaking authority ratified the individual defendants' acts and basis for them. Upon information and belief, the final policymaker knew and specifically approved of individual Defendants' acts.

58. Upon information and belief a policymaker has determined (or will determine) that the acts of individual Defendants and DOES 1-10 were within CCPD policy.

59. Accordingly, Defendants are liable to Plaintiff for compensatory damages under 42 U.S.C. § 1983.

60. As a direct and proximate result of the actions of these Defendants, Plaintiff suffered the violation of his constitutional rights. As a result of the actions or omissions

of these Defendants, Plaintiff suffered physical, mental and emotional injuries, which are ongoing.

61. By virtue of the provisions of 42 U.S.C. § 1988, Plaintiff is entitled to an award of reasonable attorney's fees and costs, according to proof.

## VIII.
## FIFTH CLAIM FOR RELIEF
## MUNICIPAL LIABILITY-FAILURE TO TRAIN
### (42 U.S.C. § 1983)
### (As Against Defendant City of Culver City and DOES 1-10)

62. Plaintiff re-alleges and incorporates by reference each and every allegation contained in paragraphs 1 through 61.

63. DOES 1-10 acted under color of state law.

64. The acts of Defendants deprived Plaintiff of his rights under the United States Constitution.

65. On information and belief, Defendants failed to properly and adequately train individual Defendants and DOES 1-10, including but not limited to, with regard to the use of physical force and making legal arrests.

66. The training policies of Defendant CITY OF CULVER CITY were not adequate to train its officers to handle the usual and recurring situations with which they must deal, including the use of physical force and making legal arrests.

67. Defendant CITY OF CULVER CITY was deliberately indifferent to the obvious consequences of its failure to train its officers adequately.

68. The failure of Defendant CITY OF CULVER CITY to provide adequate training caused the deprivation of Plaintiff's rights by individual Defendants and DOES 1-10; that is, Defendants' failure to train is so closely related to the deprivation of Plaintiff's rights as to be the moving force that caused the ultimate injury.

69.     As a direct and proximate result of the actions of these Defendants, Plaintiff suffered the violation of his constitutional rights.  As a result of the actions or omissions of these Defendants, Plaintiff suffered physical, mental and emotional injuries, which are ongoing.

70.     By virtue of the provisions of 42 U.S.C. § 1988, Plaintiff is entitled to an award of reasonable attorney's fees and costs, according to proof.

## IX.

## **PRAYER FOR RELIEF**

WHEREFORE, PLAINTIFF prays for judgment against all Defendants, including DOES 1 through 10, inclusive, as follows:

1.     For an award of general and special damages according to proof;

2.     For punitive damages against the individual defendants in their individual capacities according to proof;

3.     For attorney's fees according to proof;

4.     For costs of suit incurred; and

5.     For such other and further relief as the Court deems just and proper.

Dated:  April 6, 2023                                                ROBERT STANFORD BROWN, APC

By:        /S/ Robert S. Brown
_____
Robert S. Brown, Esq.
Attorney for JAMES ROZELL

## **DEMAND FOR JURY TRIAL**

Plaintiff JAMES ROZELL requests that this action be determined by trial by jury.

Dated:  April 6, 2023                                ROBERT STANFORD BROWN, APC


By:        /S/ Robert S. Brown
_____
Robert S. Brown, Esq.
Attorney for JAMES ROZELL